IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
11/24/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

BENJAMIN CORDON CARRANZA,

Petitioner,

v.

Warden, Midwest Regional Reception Center;
Director, ICE; and
United States Attorney General,

Respondents.

Case No. 26-3413-JWL

## MEMORANDUM AND ORDER

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the petition is **granted in part and denied in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **December 7, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The petition is otherwise denied.[1]

Petitioner, a native of Guatemala, was paroled into the United States in 2024, and removal proceedings were initiated at that time. On September 20, 2026, immigration officials took custody of petitioner following his arrest by police in Missouri. Petitioner is

[1] The Court has granted relief on one claim, and it is clear that petitioner is not entitled to relief on his other claims. Therefore, the Court in its discretion denies petitioner's motion for appointment of counsel (Doc. # 3).

presently in custody in this judicial district. On October 28, 2026, petitioner filed the instant habeas action; respondents have now filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

1. First, petitioner was not recently detained as an alien newly arriving in the United States; rather, he had been present in the United States for a period of years when he was detained. Petitioner thus challenges his detention under 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, and under which the Government purports to detain petitioner.[2]

In cases involving the same issue, this Court has rejected the Government's interpretation of that statute in favor of the interpretation adopted by the overwhelming majority of courts that have addressed the issue, and the Court has ordered relief in the form of a bond hearing under 8 U.S.C. § 1226(a). *See, e.g.*, *Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). The Court has also held that that reasoning applies in the case of an alien, such as petitioner here, who was paroled into

---

[2] Petitioner also claims that his detention without consideration of release on bond violates due process. As petitioner acknowledges in his traverse, because the Court holds that petitioner is entitled to bond consideration under the statutes, it need not reach that constitutional claim.

the United States. *See Khudyi v. Carter*, 2026 WL 1098197, at *2 (D. Kan. Apr. 23, 2026) (Lungstrum, J.). The Tenth Circuit has now rejected the Government's interpretation as well. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Respondents concede that the relevant facts of the present case are not materially distinguishable from those in *Khudyi*, and they therefore acknowledge that the reasoning of that case would also apply here. Thus, pursuant to *Santillan Quiroz*, and for the same reasons set forth in that case and in the Court's opinion in *Galdamez Orellana* and *Khudyi*, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

With respect to the relief for this violation, the Court denies petitioner's request for release. For the same reasons cited by this Court and by the Tenth Circuit, *see Santillan Quiroz*, 180 F.4th at 1251 n.13; *Galdamez Orellana*, 2026 WL 710121, at *3-4, the Court concludes that the most appropriate remedy for this violation is to require that petitioner be granted a bond hearing as if detained under Section 1226(a). Accordingly, the Court orders respondents either to release petitioner or to ensure that petitioner receives a bond

hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **December 7, 2026**.[3]

2. In the petition, petitioner also challenges the constitutionality of his arrest and the propriety of his arrest without a warrant, although he appears to have abandoned these claims in his traverse. The Court denies the claims. Respondents have provided evidence that petitioner was detained by immigration officials under a warrant. Moreover, an illegal arrest does not affect the lawfulness of removal proceedings, *see I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039-40 (1984); and any such constitutional violations occurred not at the hands of these respondents, but while petitioner was in the custody of state law enforcement, prior to his custody by immigration officials. Petitioner has not cited any authority to support a claim for release or any other relief based on violations occurring prior to immigration detention. *See Solano v. Warden, Midwest Reg. Reception Center*, 2026 WL 3019471, at *1 (D. Kan. Oct. 7, 2026) (Lungstrum, J.) (rejecting a habeas claim that the petitioner's arrest by a sheriff's deputy prior to immigration detention was unconstitutional).

3. Petitioner claims that his parole was improperly terminated without basis or compliance with proper procedures. As respondents note, however, petitioner's parole was

[3] Respondents have not argued or provided evidence that a hearing could not be conducted within that timeframe. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.

for only a limited period, and thus his parole automatically terminated – without any requirement of notice or other process – on the expiration date of April 24, 2026. *See* 8 C.F.R. § 212.5(e)(1). In his traverse, in response to that fact, petitioner argues only that the automatic termination does not presently make him subject to mandatory detention under Section 1225(b)(2)(A). He does not dispute the automatic termination of his parole; nor does he assert that that automatic termination without notice was unlawful. Accordingly, the Court denies this claim as a separate basis for relief.

4. Finally, petitioner claims that his medical care while in detention has been constitutionally inadequate. Respondents have submitted evidence that petitioner was prescribed and has been administered his daily medication to address his HIV-positive condition; and that any other medical complaints have been addressed by staff. In reply, petitioner complains only that although his HIV medication has been administered daily, it has not always been administered at the same time each day.

The Court denies this claim. A detainee who challenges a condition of his confinement – such as the constitutional adequacy of medical care – must do so through a civil rights action, not by a habeas action. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). This Court has concluded that it may consider a habeas claim that the detainee's medically safe confinement cannot be achieved. *See Recarte Cruz v. Guadian*, 2020 WL 7024298, at *6 (D. Kan. Nov. 30, 2020) (Lungstrum, J.). Petitioner has not made such a showing here, however. In almost every instance noted by petitioner, the administration of his medication was approximately one hour late or early, and petitioner has not provided any evidence that such a minor variation is significant or creates a risk of

serious harm. Accordingly, any claim by petitioner for specific medical relief must be pursued by a civil right action. *See Lopez Alvarez v. Warden, Midwest Reg. Reception Center*, 2026 WL 3264838, at *1 (D. Kan. Oct. 30, 2026) (Lungstrum, J.) (denying a similar claim).

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part and denied part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **December 7, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The petition is otherwise denied.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for appointment of counsel (Doc. # 3) is hereby **denied**.

IT IS SO ORDERED.

Dated this 24th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge